UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| KENNETH MCCLELLAN, | Case No. 1:19-cv-00015-JDP |
|---|---|
| Plaintiff, | SCREENING ORDER |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO STATE CLAIM |
| R.C. JOHNSON, *et al.*, | |
| Defendants. | ECF No. 1 |
| | OBJECTIONS DUE WITHIN 14 DAYS |
| | ORDER DIRECTING CLERK OF COURT TO ASSIGN CASE TO DISTRICT JUDGE |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Plaintiff's complaint, filed January 4, 2019, ECF No. 1, is before the court for screening under 28 U.S.C. § 1915A. Plaintiff's factual allegations are not sufficient to state a claim of constitutional deprivation under 42 U.S.C. § 1983, and, given the nature of the allegations, amendment of the complaint would be futile. Accordingly, we recommend that the complaint be dismissed.

**I.     STATEMENT OF FACTS[1]**

Plaintiff was transferred from California State Prison, Los Angeles County, to Richard J.

---

[1] We draw the following facts from plaintiff's complaint, ECF No. 1, and accept them as true for screening purposes.

1

Donovan Correctional Facility in March 2017.  *See* ECF No. 1 at 4.  Plaintiff was eventually sent to the California Substance Abuse Treatment Facility and State Prison at Corcoran on June 5, 2017.  *See id.*  On November 7, 2017, plaintiff was summoned to pick up his possessions, which had been stored during the transfer since March.  *See id.*  Before his transfer, plaintiff's possessions, including a battery charger and typewriter were in "good sound working condition." *Id.*  However, when plaintiff was re-issued his property, the typewriter "had been damaged and was no longer in good functional operational condition."  *Id.*   Plaintiff alleges that defendants mishandled documenting, tracking, and protecting his possessions during the transfer, which resulted in the damage to his typewriter.  *See id.* at 4-8.

## II.     SCREENING AND PLEADING REQUIREMENTS

A district court must screen a prisoner's complaint that seeks relief against a governmental entity, its officer, or its employee.  *See* 28 U.S.C. § 1915A(a).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim.  *Id.* at 679.  The complaint need not identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).  Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).  The court must construe a litigant's complaint liberally when he is proceeding without counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

Section 1983 allows a private citizen to sue for the deprivation of a right secured by

federal law. *See* 42 U.S.C. § 1983; *Manuel v. City of Joliet*, 137 S. Ct. 911, 916 (2017). To state a claim under 42 U.S.C. § 1983, a plaintiff must (1) allege the deprivation of a right secured by the U.S. Constitution and laws of the United States and (2) allege that the deprivation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

**III.     ANALYSIS**

Plaintiff alleges that his typewriter was damaged during a prison transfer. However, allegations concerning the loss or damage of personal property do not state an actionable constitutional claim. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available.").[2] A meaningful remedy is available through the California court system. Therefore, this claim should be dismissed.

We have screened plaintiff's complaint and find that it fails to state a cognizable claim. Given the nature of his allegations, amendment would be futile. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment). Accordingly, we recommend that the complaint be dismissed without prejudice to filing in state court.

---

[2] Additionally, plaintiff's complaint does not allege that defendants acted with the subjective intent required to state a claim under § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[The] Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property.").

3

**IV. ORDER**

The clerk of court is directed to assign this case to a district judge who will review the findings and recommendations.

**V. FINDINGS AND RECOMMENDATIONS**

We recommend that plaintiff's complaint, ECF No. 1, be dismissed for failure to state a claim on which relief could be granted. The complaint should be dismissed without prejudice to filing in state court.

These findings and recommendations are submitted to the U.S. district judge presiding over the case under 28 U.S.C. § 636(b)(1)(B) and Local Rule 304. Within 14 days of the service of the findings and recommendations, the plaintiff may file written objections to the findings and recommendations with the court. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The presiding district judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: June 21, 2019  _____
UNITED STATES MAGISTRATE JUDGE

No. 204